NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARLOS ENRIQUE RUIZ-ROMERO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   19-72971

Agency No. A208-888-743

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before:    FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Carlos Enrique Ruiz-Romero, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and denying his motion to remand.

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including determinations regarding social distinction. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law, including the question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Id*. We review for abuse of discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Ruiz-Romero failed to establish that his proposed social group of "men from El Salvador who came to the United States to escape extreme violence and fighting that are the central elements of Mara Salvatrucha" is socially distinct within El Salvador. *See Conde Quevedo*, 947 F.3d at 1243 (substantial evidence supported the agency's determination that petitioner's proposed social group was not cognizable because of the absence of society-specific evidence of social distinction). Thus, the BIA did not err in concluding that Ruiz-Romero did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a

common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))).

Substantial evidence supports the agency's denial of CAT protection because Ruiz-Romero failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The record does not support Ruiz-Romero's contention that the agency failed to consider his arguments or evidence. *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004))). Both the BIA and the IJ were thorough in analyzing his claims.

The BIA construed Ruiz-Romero's brief as including a motion to remand. It did not abuse its discretion in denying that motion, because Ruiz-Romero did not identify any potential factual development that would likely change the outcome of his case on remand. *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) ("[Applicants] who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence

3                                                                      19-72971

would likely change the result in the case." (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992))).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**